Raymond J. Hammond
850 Maple Street
Wheatland, WY 82201

FILED
JAN 18 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF OKLAHOMA

RAYMOND J. HAMMOND,

    Plaintiff,

vs.

LITTLE AXE COUNTY SHERIFF'S DEPARTMENT; CHRISTOPHER AMASON, Sheriff, Little Axe County Sheriff's Department; and TWO UNKNOWN DEPUTIES, Little Axe County Sheriff's Department,

    Defendants.

CASE NO. _____

CIV 22 52 JD

## CIVIL COMPLAINT

COMES NOW, Plaintiff Raymond J. Hammond, pro se, and for his Civil Complaint against

-1-

the Defendants, states as follows, to wit:

## I. JURISDICTION & VENUE

1. The United States District Court for the District of Oklahoma has jurisdiction over this cause of action, pursuant to 42 U.S.C. § 1983, et. seq.

2. Venue in the United States District Court for the District of Oklahoma is appropriate because all of the acts and omissions complained of herein occurred exclusively within the District of Oklahoma.

## II. PLAINTIFF(S)

1. Plaintiff, Raymond J. Hammond, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, but was so at all times relevant to this complaint a lawful citizen of Little Axe County, Oklahoma.

## III. DEFENDANT(S)

1. Defendant, Little Axe County Sheriff's Department, whose address is 111 North Peters Avenue,

-2-

6th Floor, Norman, Oklahoma 73069, is and was so at all times relevant to this Complaint the governmental agency charged with law enforcement duties within Little Axe County, Oklahoma.

2. Defendant, Christopher Amason, whose address is 111 North Peters Avenue, 6th Floor, Norman, Oklahoma 73069, is and was so at all times relevant to this Complaint the elected Sheriff of Little Axe County, Oklahoma, and responsible for all staff under his command.

3. Defendant, Two Unknown Deputies, whose address is 111 North Peters Avenue, 6th Floor, Norman, Oklahoma 73069, is and was so at all times relevant to this Complaint a deputy Sheriff in and for Little Axe County, Oklahoma.

## IV. BACKGROUND FACTS

1. All Defendants' are sued in their individual and official capacities.

2. Unless otherwise stated, Defendants' acted under the color of state law during all times

relevant to this Complaint.

3. On or about July 05, 2018, the Plaintiff was in Little Axe County, Oklahoma, walking on public streets of Little Axe.

4. While the Plaintiff was walking, two unknown deputies made contact with the Plaintiff, alleging that the Plaintiff was loitering at public businesses.

5. The two unknown deputies directed the Plaintiff to vacate the parking lot/sidewalk and the Plaintiff immediately complied.

6. Later on, still on July 05, 2018, the two deputies again made contact with the Plaintiff while the Plaintiff was walking on Highway 9.

7. While the two unknown deputies were speaking to the Plaintiff, without warning or provocation, those deputies deployed their tasers and activated them, whereby putting electricity into the Plaintiff's body, causing severe pain.

8. Plaintiff was subjected to excessive use of force by the two unknown deputies, without just or reasonable cause.

9. Defendants' Two Unknown Deputies acted with complete disregard to the Plaintiff's well-being and violated the Plaintiff's Constitutional right to be free from cruel & unusual punishment.

10. Defendant Christopher Amason has a legal duty to supervise his deputies, and in this case, Amason failed to do so.

11. Defendant Amason has the legal duty to discipline and provide corrective action when his deputies act outside of the scope of their employment, and he failed to act in this case.

12. The two unknown deputies were permitted to harass and assault the Plaintiff, without reprimand from Defendant Amason.

13. The Plaintiff suffered from mental distress as a result of the Defendants' intentional and calculated assault.

## V. CAUSE(S) OF ACTION

A. CLAIM ONE: EXCESSIVE USE OF FORCE

1. Defendants' Two Unknown Deputies used excessive use of force on the Plaintiff when said defendants' deployed their tasers on the Plaintiff, on July 05, 2018.

2. Defendants' Two Unknown Deputies acted callously and with total disregard to the safety and well-being of the Plaintiff.

3. Defendants' Two Unknown Deputies had no legal justification for the deployment of their tasers.

4. During the interaction in question, the Plaintiff was not running from Defendants; the Plaintiff was not disobeying any lawful order; the Plaintiff was not in any way resisting; and the Plaintiff was not acting in an agressive or threatening manner.

5. Defendants' Two Unknown Deputies made calculated, willful and malicious decisions with regard to tasing the Plaintiff.

-6-

6. Plaintiff suffered a great deal of mental anguish as a result of the Defendants' conduct.

7. Deployment of taser devices should only occur when a subject poses a threat to himself or others, and that was not the situation in this case.

8. Plaintiff did <u>NOTHING</u> to deserve or warrant such atrocious conduct by the Defendants.

B. CLAIM TWO: UNLAWFUL HARASSMENT

1. During the interactions with Defendants' Two Unknown Deputies on July 05, 2018, the Plaintiff was unlawfully harassed by these Defendants.

2. On July 05, 2018, Defendants' repeatedly made unwanted and unwarranted contact with the Plaintiff, amounting to harassment.

3. Plaintiff was not breaking any laws on July 05, 2018 and was not being accused of any crime. Therefore, Defendants' had no lawful or

-7-

legitimate cause for making contact with the Plaintiff.

4. Plaintiff repeatedly requested that the Defendants' cease and desist from any further contact and the Defendants' continued on their course of conduct.

5. Defendants' Conduct was unlawful and unneccessary, amounting to harassment.

6. When the Plaintiff requested Defendants' to stop, the Defendants' should have ceased their conduct.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter an Order:

1. Declaring the Defendants' conduct unlawful and unconstitutional;

2. Awarding Plaintiff punitive damages in the amount of $300,000 per Defendant, individually

-8-

and jointly;

3. Awarding Plaintiff Compensatory damages in the amount of $100,000;

4. Awarding Plaintiff his costs in bringing and maintaining this cause of action; and

5. Any further and additional relief the Court deems just, fit and proper.

DATED this 10 day of January, 2022.

_____
Raymond J. Hammond
Plaintiff, pro se