IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND J. HAMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-22-00052-JD |
| | ) |
| LITTLE AXE COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al. | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This is a 42 U.S.C. § 1983 action filed on January 18, 2022, by Plaintiff Raymond J. Hammond, who is incarcerated, who complains Defendants engaged in excessive use of force and unlawful harassment of Plaintiff on July 5, 2018. [Doc. Nos. 1, 2].

Before the Court is a Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Suzanne Mitchell on March 4, 2022, recommending that the Court dismiss this action without prejudice to refiling because of Plaintiff's failure to prosecute this action and his failures to comply with the rules and orders to cure deficiencies in Plaintiff's *in forma pauperis* application. *See* 28 U.S.C. § 1915(a)(2); LCvR5.4. Judge Mitchell advised Plaintiff that the deadline to file an objection to the Report and Recommendation was March 25, 2022, and that Plaintiff's failure to timely object would waive his right to appellate review of the recommended dismissal. [Doc. No. 9 at 4]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

To date, Plaintiff has not filed an objection to the Report and Recommendation. The Court notes that the attempt to serve Plaintiff with the Report and Recommendation

at his address of record failed. [*See* Doc. No. 10].[1] However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [plaintiff] is acting pro se does not eliminate this burden.").

The Court is also in receipt of a letter from Jacob Mossman, who is not a party to this litigation. [Doc. No. 11]. Mr. Mossman does not object to the Report and Recommendation, but requests leave to act as Plaintiff's legal representative and requests an extension of time so that he may become familiar with the case. [*Id.*]. The Court does not rule on correspondence. Any requests for court action must be in the form of a motion and must state with particularity the grounds for seeking the order, as well as the relief sought. *See* Fed. R. Civ. P. 7(b). Regardless, it is well settled that "[n]on-attorney pro se litigants cannot represent other pro se parties." *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) (unpublished) (citing 28 U.S.C. § 1654); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); *cf. Pajarito Plateau Homesteaders, Inc. v. United States*, 346 F.3d 983, 986 (10th Cir.

---

[1] The Court notes that Judge Mitchell previously advised Plaintiff that he was missing the certified copy of the institutional trust fund account statement required by law, 28 U.S.C. § 1915(a)(2), and that order was received by Plaintiff but not satisfied. [*See* Doc. Nos. 5 at 1 & 2; Doc. No. 6].

2003) (non-lawyer may not represent another individual on appeal). Because it does not appear that Mr. Mossman is an attorney,[2] he may not act as Plaintiff's legal representative. *See also* LCvR83.2; LCvR83.4.[3]

Because Plaintiff has not filed an objection, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 9] in its entirety for the reasons stated therein and DISMISSES this case without prejudice to refiling for Plaintiff's failure to prosecute this action and failure to follow court orders and rules.

IT IS SO ORDERED this 14th day of April 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] He is not a member of the bar of this Court and is not listed as an attorney in the Oklahoma Bar Association member directory.

[3] Attached to Mr. Mossman's letter is Pro Se Notice of Change of Address purportedly signed by Plaintiff. [Doc. No. 11-1]. The Court notes that the address provided is Mr. Mossman's address. *Compare* [*id.*] *with* [Doc. No. 11]. For the reasons discussed above, the notice is not effective because it was submitted on Plaintiff's behalf by a non-attorney. Additionally it was hand-filed by Mr. Mossman, and there is no indication to the Court that Plaintiff actually signed and submitted the change of address or authorized the change of address to be submitted on his behalf. Nevertheless, the Court DIRECTS the Clerk of Court to mail a copy of this Order to the address provided in [Doc. No. 11-1], as well as Plaintiff's address of record.